UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GUERRERO, CDCR #P-38978,<br><br>         Plaintiff,<br><br>  vs.<br><br>T. MOORE, Correctional Officer,<br><br>         Defendant. | Case No.: 3:20-cv-01315-GPC-BGS<br><br>**ORDER**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2)**<br><br>**2) DISMISSING CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**<br><br>**AND**<br><br>**3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

  Plaintiff Carlos Guerrero, incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a pro se civil rights Complaint pursuant 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff claims Correctional Officer Moore refused his request for mental health services when he complained of suicidal thoughts.

*See id.* at 5. Plaintiff also claims Moore retaliated against him when he threatened to file a grievance related to this incident, and later destroyed his personal property. *Id.* at 6, 7. Plaintiff seeks $495,000 in compensatory damages and $50,000 in punitive damages. *Id.* at 9.

Plaintiff did not prepay the $400 civil filing fee required by 28 U.S.C. Section 1914(a) at the time of filing and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a). *See* ECF No. 2.

## I.   Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. §1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances. *See* ECF No. 3 at 1, 3-4. These documents show that although he carried an average monthly balance of $156.19 and had $179.17 in average monthly deposits to his trust account for the six months preceding the filing of this action, Plaintiff had an available balance of just $5.00 at the time of filing. *Id.* at 1, 3.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses a partial filing fee of $35.83 pursuant to 28 U.S.C. § 1915(b)(1). However, the Court declines to impose that fee at this time because Plaintiff's prison certificate indicates he currently has "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court directs the Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Sua Sponte Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

    A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

On October 5, 2018, Plaintiff alleges he experienced "a mental breakdown" in his cell. *See* Compl., at 3. Plaintiff claims he told Officer Moore he was "feeling suicidal" and that he needed to see his "mental health treatment psychologist." *Id.* Instead of sending him to the prison's mental health facility, Plaintiff alleges Moore refused because "he didn't want to do all of the inventory of [Plaintiff's] property." *Id.* Plaintiff claims he continued to "insist[]" that Moore send him to get mental health treatment. *Id.* During this time, Plaintiff claims he banged his head "hard on [the] wall and doors" due to an uncontrollable "anger and anxiety attack," which resulted in head injuries and emotional distress. *Id.* at 3, 5. After "suffering for an hour," Plaintiff claims he "finally" told Moore was going to file a grievance against him for putting him through such a "life-threatening situation." *Id.* at 3. After he told Moore he was going to file a grievance, Moore initiated a "suicidal protocol" for him. *Id.* However, before Moore made the call, Plaintiff claims he threatened to "give away and destroy [his] property." *Id.* at 6.

As a result of being taken to the suicide prevention unit, Plaintiff claims he was unable to properly account for his property. *Id.* at 3. Months later, on January 9, 2019, Plaintiff claims the property confiscated during the October incident was returned, but much of it was missing or destroyed. *Id.*

### C. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

#### 1. Property Deprivation Claim

Plaintiff seeks to hold Officer Moore liable in part for the wrongful loss and/or destruction of some of his personal property, and invokes his right to due process under the Fourteenth Amendment. *See* Compl. at 3.

Ordinarily, due process requires notice and an opportunity for some kind of hearing before a person can be deprived of a significant property interest. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989), *overruled on other grounds by Armendariz v. Penman*, 75 F.3d 1311, 1324-25 (9th Cir. 1996). In the prison context, however, "[n]either the negligent nor intentional deprivation of property states a due process claim under [S]ection 1983 if the deprivation was random and unauthorized." *Elzy v. Duran*, No. 3:20-cv-0545-JAH (BLM), 2020 WL 3034796, at *4 (S.D. Cal. June 4, 2020) (collecting cases). When a state provides an adequate post-deprivation remedy, through a state tort action for example, the existence of that remedy satisfies the requirements of due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) ("In some circumstances, however, the Court has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." (citations omitted)). As the Ninth Circuit has recognized, California law provides such an adequate remedy. *See Barrett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Thus, even with the benefit of the liberal construction due to pro se complaints, Plaintiff fails to allege an actionable deprivation of due process stemming from the disappearance or destruction of his property. *See Elzy*, 2020 WL 3034796, at *5 (allegation that correctional officer stole plaintiff's personal property while plaintiff was in administrative segregation failed to state a claim). Because Plaintiff claims Moore wrongfully deprived him of personal property, any remedy he may have lies in state court and his federal claim must be dismissed for failing to state a claim upon which § 1983 relief may be granted. *Id.* (citing 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27). As a result, Plaintiff's property deprivations claims must be dismissed sua sponte for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

///

///

2. Remaining Claims

As to the remainder of Plaintiff's claims, however, the Court finds his Complaint contains First and Eighth Amendment allegations sufficient to survive the "low threshold" set for sua sponte screening. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Wilhelm,* 680 F.3d at 1123. *See also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (failure to protect claims under the Eighth Amendment require a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety."); *see also Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (noting that deliberate indifference to a serious medical need under the Eighth Amendment "may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.") (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

Accordingly, the Court will direct U.S. Marshal service upon Correctional Officer Moore on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**III.   Conclusion and Orders**

For the reasons discussed, the Court:

1)   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

2)   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding

1  month's income and forwarding those payments to the Clerk of the Court each time the
2  amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL
3  PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
4  ASSIGNED TO THIS ACTION.

5      3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz,
6  Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,
7  Sacramento, California, 94283-0001.

8      4) **DISMISSES** Plaintiff's Fourteenth Amendment property deprivation claims
9  against Officer Moore sua sponte for failure to state a claim upon which relief may be
10 granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

11     5) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No.
12 1) upon Correctional Officer T. Moore and forward it to Plaintiff along with a blank U.S.
13 Marshal Form 285. In addition, the Clerk will provide Plaintiff with a certified copy of this
14 Order, a certified copy of his Complaint, and the summons so that he may serve Officer
15 Moore. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as
16 completely and accurately as possible, *include an address where Officer Moore may be*
17 *served*, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according
18 to the instructions the Clerk provides in the letter accompanying his IFP package.

19     6) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons
20 upon Officer Moore as directed by Plaintiff on the USM Form 285 provided to him. All
21 costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed.
22 R. Civ. P. 4(c)(3);

23     7) **ORDERS** Officer T. Moore, once served, to reply to Plaintiff's Complaint
24 within the time provided by the applicable provisions of Federal Rule of Civil Procedure
25 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to
26 "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or
27 other correctional facility under section 1983," once the Court has conducted its sua sponte
28 screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and thus, has made a

preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

8) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Officer Moore, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant Moore or Defendant's counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendant Moore, may be disregarded.

**IT IS SO ORDERED**.

Dated:  September 2, 2020

Hon. Gonzalo P. Curiel
United States District Judge