UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos GUERRERO,<br><br>                            Plaintiff,<br><br>v.<br><br>T. MOORE,<br><br>                            Defendant. | Case No.:  20-cv-01315-GPC-BGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION**<br><br>[ECF No. 9] |

Plaintiff Carlos Guerrero, a state prisoner proceeding pro se and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 on July 10, 2020. (ECF No. 1.) On September 2, 2020, the Court issued an order granting Plaintiff's motion to proceed *in forma pauperis* ("IFP") and directing the U.S. Marshal ("USMS") to effect service on the Defendant T. Moore. (ECF No. 5.) The summons for Defendant T. Moore was returned unexecuted on December 14, 2020. (ECF No. 7.) On June 25, 2021, *nunc pro tunc* to June 21, 2021, Plaintiff filed a motion wherein he indicated that he was unable to serve Defendant T. Moore because he no longer works at R.J. Donovan Prison ("RJD"). (ECF No. 9.) Plaintiff stated that "[u]nless there's other alternatives that [the] court might have in order to proceed under these type of circumstances[,] I would like to have the option for [the USMS] to serve [the] Prison Litigation Office in regards of Officer Moore." (*Id.*)

"[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service[.]" *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). So long as the prisoner has furnished the information necessary to identify the defendant, the USMS's inability to effect service of process is automatically good cause within the meaning of Federal Rule of Civil Procedure 4(m).[1] *See Walton v. Violi*, 100 F.3d 966 (9th Cir. 1996) (citing *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994)).

Here, Plaintiff sufficiently identified Defendant T. Moore as an employee of RJD and the California Department of Corrections and rehabilitation ("CDCR") during the time of the incident. The summons was returned unexecuted, stating that Defendant T. Moore was no longer employed at RJD. (ECF. No. 7.) Under these circumstances, as long as the privacy of the Defendant's forwarding address can be preserved and the forwarding address can easily be ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the USMS to effect service upon the Defendant on his behalf. *See Puett*, 912 F.2d at 275; *Morris v. Barr*, No. 10-cv-2642-AJB-BGS, 2011 WL 3859711, at *1–*2 (S.D. Cal. Aug. 2011); *Jensen v. Knowles*, 621 F. Supp. 2d 921, 929–30 (E.D. Cal. 2008); *Dodson v. Rocha*, No. 07cv0869–W-RBB, 2008 WL 251947, at *1 (S.D. Cal. Jan. 2008) ("As long as Defendant['s] . . . forwarding address can be easily ascertained by reference to the [CDCR's] personnel records, Plaintiff is entitled to rely on the [USMS] to effect service on him.").

---

[1] Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Accordingly, the Court **GRANTS** Plaintiff's motion (ECF No. 9) and hereby directs the USMS to contact either the Litigation Coordinator at RJD or the CDCR's Legal Affairs Division, if necessary, to obtain the current/forwarding address within the CDCR's records or possession. Any address shall be forwarded on or before **August 23, 2021** to the USMS in a **confidential memorandum**. The USMS are ordered to keep strictly confidential any address provided for the Defendant. Thus, the Defendant's address shall not appear on any USMS Form 285, shall not be provided to Plaintiff, and shall not be made part of the Court's record.

Within 30 days of receipt of any available address for the Defendant, the Court orders the USMS to serve a copy of Plaintiff's complaint and summons upon Defendant T. Moore. All costs of service shall be advanced by the United States pursuant to the Court's Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). (ECF No. 5.)

**IT IS SO ORDERED**.

Dated: August 2, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge