UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos GUERRERO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>T. MOORE,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-cv-01315-LL-BGS<br><br>**ORDER REGARDING PLAINTIFF'S MOTION REQUESTING STATUS**<br><br>[ECF No. 11] |

　　　　Plaintiff Carlos Guerrero, a state prisoner proceeding pro se and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 on July 10, 2020. (ECF No. 1.) On September 2, 2020, the Court issued an order granting Plaintiff's motion to proceed *in forma pauperis* ("IFP") and directing the U.S. Marshal ("USMS") to effect service on the Defendant T. Moore. (ECF No. 5.) The summons for Defendant T. Moore was returned unexecuted on December 14, 2020. (ECF No. 7.) On August 3, 2021, the Court indicated that Plaintiff sufficiently identified Defendant T. Moore as an employee of R.J. Donovan ("RJD") and the California Department of Corrections and Rehabilitation ("CDCR") during the time of the incident. (ECF No. 10 at 2.) The Court then directed the USMS to contact either the Litigation Coordinator at RJD or the CDCR's Legal Affairs Division, if necessary, to obtain the current/forwarding address within the CDCR's records or possession. (*Id.* at 3.)

The Court then indicated that any address shall be forwarded to the USMS and directed the USMS to serve a copy of Plaintiff's complaint and summons upon Defendant T. Moore within 30 days of receipt of the address. (*Id.*)

On January 6, 2022, Plaintiff filed his Motion to Know Update Status of U.S. Marshals Serving Defendant. (ECF No. 11.) Plaintiff indicated that he still has not heard anything back from the USMS to know if the Defendant T. Moore had been served. (*Id.*) Plaintiff requested that the Court can make an order to the USMS to find out whether the USMS received a forwarding address and if it got served. (*Id.*)

After reviewing the docket, it is unclear whether Defendant T. Moore has yet to be served. However, the Court previously found that Plaintiff sufficiently identified Defendant T. Moore as an employee of RJD and the CDCR during the time of the incident and that Plaintiff is entitled to rely on the USMS to effect service, as long as the privacy of Defendant T. Moore's forwarding address can be preserved and easily ascertained by reference to personnel records. (*See* ECF No. 10 at 2.)

Accordingly, the Court **DIRECTS** the Clerk of the Court to forward a copy of this order to the USMS.

Further, the Court **DIRECTS** the USMS to make a reasonable effort to locate Defendant T. Moore, as follows:

1. Within 30 days from the date of this Order, the USMS is directed to make further inquiry of either the RJD Litigation Coordinator or the CDCR's Legal Affairs Division regarding Defendant T. Moore's last known address. If the RJD Litigation Coordinator or CDCR's Legal Affairs Division are unable to locate Defendant T. Moore or his last known address, some explanation should be proffered by the RJD Litigation Coordinator or CDCR's Legal Affairs Division as to why they lack such information.

2. Should the RJD Litigation Coordinator or CDCR's Legal Affairs Division be unable to locate Defendant T. Moore or his last known address, within 10 days of receipt, the USMS shall submit the RJD Litigation Coordinator's or CDCR's Legal Affairs

Division's response and explanation to the Court.  The confidentiality of Defendant T. Moore's personal information must be maintained.

3. If the RJD Litigation Coordinator or CDCR's Legal Affairs Division are able to locate Defendant T. Moore or his last known address, within 10 days of receipt of Defendant T. Moore's last known address, the USMS shall notify Defendant T. Moore of the commencement of this action and request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).  If the waiver of service of summons is not returned by Defendant T. Moore within 60 days from the date of mailing the request for waiver, the USMS shall:

   a. Personally serve process and a copy of this Order upon Defendant T. Moore pursuant to Rule 4 of the Federal Rules of Civil Procedures and 28 U.S.C. § 566(c) and shall command all necessary assistance from the RJD Litigation Coordinator or CDCR's Legal Affairs Division to execute this Order.  The USMS shall maintain the confidentiality of all information provided by the RJD Litigation Coordinator or CDCR's Legal Affairs Division pursuant to this Order.

   b. Within 10 days after personal service is effected, the USMS shall file the return of service for Defendant T. Moore, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on Defendant T. Moore.

Plaintiff should take notice that the court is undertaking an extraordinary measure to assist him under the given circumstances.  "Such assistance has not been and will not be the regular practice of this Court." *McLean v. Gutierrez*, No. EDCV15275RGKSP, 2016 WL 11521653, at *2 (C.D. Cal. May 2016) (citing *Hampton v. Peeples*, No. 6:14-CV-104, 2016 WL 845332, at *2 (S.D. Ga. Mar. 2016)).  Furthermore, Plaintiff, and not the Court, is ultimately responsible for serving Defendant T. Moore.  *See Penton v. Pool*, 724 F. App'x 546, 551 (9th Cir. 2018) ("[O]ur holding that Penton has shown 'good cause' for failure to timely effect service does not consign his action to a fate of eternal suspension

should the Marshals ultimately be unable to locate Nunez. If the district court is satisfied that the Marshals have fulfilled their obligation to search for a viable address where Nunez can be served, then it would act within its discretion to dismiss the action against Nunez under Rule 4(m)."); *Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (dismissing case where prisoner "did not prove that he provided the marshal with sufficient information to serve" the defendant); *Hampton*, 2016 WL 1688782, at *3 (upholding dismissal when unable to service defendant despite court order for last known address from defendant's former government employer).  Should these efforts to effect service of process fail, the action against Defendant T. Moore may be dismissed. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

Dated:  April 15, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge